IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02516-EWN-PAC

FRANCIS JOHNSON,

    Applicant,

v.

DOUGLAS MAURER, ICE Field Office, District Director,

    Respondent.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Patricia A. Coan, United States Magistrate Judge**

    Applicant [hereafter petitioner] Francis Johnson filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on December 22, 2005.  Respondent filed his return to the application on February 1, 2005 [doc. # 11].  Petitioner filed a traverse on March 6, 2005.  The Application was referred to the undersigned on January 5, 2005, to issue a recommendation on disposition.  The Application is ripe for disposition.  Also pending are petitioner's Motion for Emergency Hearing, filed March 10, 2006 [doc. # 15], and Motion to Investigate and Expedite Habeas Corpus Petition, filed August 22, 2006 [doc. # 19].

*Background*

    Petitioner is presently in Immigration & Customs Enforcement (ICE) custody in the Park County jail, located in Fairplay, Colorado.  *See* July 3, 2006 Notice of Change of Information [doc. # 18].  Petitioner states he is a citizen of Sierra Leone and on

February 29, 2001, arrived at the port of San Ysidro, California, seeking political asylum.  Application at 2.  Petitioner's application for political asylum was denied on December 1, 2003.  *Id.*  Petitioner's appeal to the Board of Immigration Appeals was affirmed and dismissed on March 11, 2005, and petitioner has been in ICE custody since March 31, 2005.  Respondent's Return at 1.

Respondent states that plaintiff has not been removed to Sierra Leone because the U.S. government has been unable to secure travel documents from that country.  Return at 2.  On April 7, 2005, the Embassy of Sierra Leone conducted a telephone interview with petitioner, and determined that petitioner was not a bona fide citizen of the Republic of Sierra Leone.  Return at 2, citing Exhibit 1, the April 7, 2005 Letter from Hassan Conteh of the Embassy of Sierra Leone to Deportation Officer Jeffrey Taylor [hereafter Conteh letter].  Respondent also submitted exhibit A1, the February 1, 2006 Declaration of ICE Deportation Officer John Sampson [hereafter Sampson declaration] to support its assertion that petitioner is subject to a final removal order which ICE has been unable to execute because petitioner does not have a valid travel document from Sierra Leone or another country.

*Analysis*

A. Indefinite Detention and *Zadvydas v. Davis*

Under ordinary circumstances, ICE must remove an alien in its custody within ninety days from the issuance of a final removal order.  8 U.S.C. § 1231(a)(1)(A),(B).  An exception to this requirement is set forth in § 1231(a)(1)(C) (suspension of period of removal), which states:

2

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Petitioner claims that his continued detention beyond the presumptively reasonable period of six months is in violation of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *Zadvydas* interpreted post-removal-period detention to be limited to the period of time which is reasonably necessary to effect the alien's removal from the U.S. *Id.* at 689. It rejected "indefinite detention" as a violation of the due process requirements of the Fifth Amendment, holding that habeas relief was proper when there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*, 533 U.S. 699-700. Once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. 533 U.S. at 701. I consider the reasons underlying the government's failure to remove petitioner within the presumptively reasonable six-month period along with the application of § 1231(a)(1)(C).

B. Petitioner's Duty to Assist ICE in Removal Efforts

Respondent states in his return that if petitioner's continuing detention is of an indeterminable duration, it is the result of petitioner's failure to cooperate with the government in its removal efforts. Respondent has attached several exhibits including the Conteh letter and the Sampson declaration to support his assertion that petitioner has not yet made a full and honest effort to secure travel documents. After petitioner's

3

initial attempt to demonstrate he was a citizen of Sierra Leone was unsuccessful, petitioner failed to provide any additional documentation to further substantiate his claim of citizenship, or take any other action to secure travel documents to facilitate his removal.  See Return exh. A1, Sampson declaration, ¶¶ 16-21 at 2-3.

A court cannot determine whether an alien's removal is a "remote possibility" until the alien makes a full and honest effort to secure his travel documents.  *Zadvydas*, 533 U.S. at 690.  Petitioner cannot reasonably expect to be released from custody based on his claim that he "cannot be removed to his country of citizenship" when his single attempt to secure travel documents from Sierra Leone was rejected and, despite his duty to assist in providing additional information to the government, he has done nothing further to assist ICE in his removal.  *See* petitioner's Motion to Investigate and Expedite Habeas Corpus Petitioner, filed July 23, 2006, doc. # 19, at 4.  Based on the documents before me, there is no indication that petitioner has made a full and honest effort to secure travel documents.  To the contrary, I conclude he has not yet made such effort by cooperating with immigration authorities to assist in his removal.

There is no Tenth Circuit authority on this issue, but the Ninth Circuit held in *Pelich v. INS*, 329 F.3d 1057, 1060-61 (9th Cir. 2003) that notwithstanding *Zadvydas*, ICE is authorized to continue detention of an alien whose refusal to apply in good faith for travel documents prevents his removal from the U.S.  *Pelich* held that "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him."  329 F.3d at 1061.  I conclude the same rule should apply to petitioner Johnson.  He has made one unsuccessful

4

attempt to establish Sierra Leone citizenship.  There is nothing before the court to indicate that petitioner has come forward with additional documentation, as that described in the "Instruction Sheet to Detainee Regarding Requirement to Assist in Removal," (return, exh. A-3) such as affidavits from family members or friends, a request for reinstatement of previous nationality, or the like.  Petitioner cannot be heard to complain of his continued detention when his own actions or inaction prevent his removal to another country.

ICE has determined petitioner may be a flight risk because he submitted a birth certificate which could not be authenticated.[1]  At this time, petitioner's alternative to detention is removal from the U.S.  In order to effect his removal however, petitioner is required to assist ICE because travel documents for petitioner from Sierra Leone and Liberia are not forthcoming.[2]  The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when the alien "has the keys to freedom in his pocket."  *Lema v. INS*, 341 F.3d 853, 857 (9th Cir. 2003) (quotation omitted).

I conclude that petitioner's inaction and failure to cooperate with ICE in his removal **prohibit him at this time** from asserting a viable constitutional claim in his *habeas corpus* proceeding, because his indefinite detention results from his lack of cooperation with the efforts of ICE to remove him.  Accordingly, petitioner has not met

---

[1] Return exh. A1, Sampson declaration, ¶¶ 10-12 at 2.

[2] The Conteh letter states that the Embassy of Sierra Leone would not issue a travel document to repatriate petitioner because he is not a bona fide citizen of Sierra Leone.  Return, exh. A-2.

his burden to show there is no significant likelihood of removal in the reasonably foreseeable future.

*Recommendation*

For the reasons stated, it is hereby

**RECOMMENDED** that petitioner's Motion for Emergency Hearing, filed March 10, 2006 [doc. # 15], and Motion to Investigate and Expedite Habeas Corpus Petition, filed August 22, 2006 [doc. # 19] **be denied.  It is**

**FURTHER RECOMMENDED**  that petitioner's Application for Habeas Corpus Relief be **dismissed without prejudice.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 20th day of September, 2006.

                    BY THE COURT:

                    s/ Michael J. Watanabe *for*
                    PATRICIA A. COAN
                    United States Magistrate Judge